IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| BIANCA HUGHLEY,<br><br>    Plaintiff,<br><br>v.<br><br>BALTIMORE COUNTY<br>GOVERNMENT,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 19-cv-1578-LKG<br>)<br>)  Dated:  March 29, 2022<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

### Factual Background

Plaintiff *pro se*, Bianca A. Hughley, commenced the above-captioned employment discrimination matter on May 29, 2019.  *See* Compl., ECF No. 1.  In her amended complaint, plaintiff alleges failure-to-hire, disparate treatment, retaliation and disability discrimination claims against the Baltimore County Government (the "County") related to her past employment with the Baltimore County Police Department ("BCPD").  Am. Compl. at 4-5, ECF No. 14.

On August 23, 2021, the County filed a motion for summary judgment and a memorandum in support thereof, upon the grounds that:  (1) plaintiff cannot establish a prima facie case of discrimination based upon her non-selection for a police officer position with the BCPD; (2) plaintiff cannot prevail on her retaliation claims; and (3) plaintiff has failed to administratively exhaust her disability discrimination claim.  Def Mot., ECF No. 58; Def. Mem., ECF No. 58-1.  Plaintiff filed a response in opposition to the County's motion on September 27, 2021.  *See* Pl. Resp., ECF No. 74.  The County filed a reply in support of its motion on October 12, 2021.  *See* Def. Reply, ECF No. 75.

On March 29, 2022, the parties participated in a telephonic status conference to discuss the County's motion for summary judgment.  For the reasons discussed during the telephonic status conference, and set forth below, the Court **GRANTS** the County's motion for summary judgment and **DISMISSES** the amended complaint.  Fed. R. Civ. P. 56.

Analysis

The Court GRANTS the County's motion for summary judgment for the following four reasons:

As an initial matter, the Court must dismiss plaintiff's disability discrimination claim based upon her diabetes, because there is no dispute that she has not exhausted administrative remedies with regards to this claim before commencing this case. The United States Court of Appeals for the Fourth Circuit has held that only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit. *See, e.g.*, *Jones v. Calvert Grp.*, 551 F.3d 297, 300 (4th Cir. 2009). And so, the Court must dismiss a discrimination claim brought under Title VII, if the claim has not been properly raised during the EEOC process. *See id.*

In this case, plaintiff asserts a discrimination claim based upon her disability in the amended complaint. Am. Compl. at 5. But, a careful review of plaintiff's charge of discrimination, dated August 2, 2017, shows that plaintiff did not include this disability discrimination claim in her charge of discrimination. *See generally* Def. Ex. 28. Rather, the charge of discrimination addresses only plaintiff's allegations of race-based discrimination at the BCPD. *See generally id.* Because plaintiff's disability discrimination claim is not included in her charge of discrimination, and is neither reasonably related to, nor could have been developed by the County's investigation of the charge of discrimination, plaintiff may not pursue this claim in this litigation. And so, the Court GRANTS the County's motion for summary judgment on plaintiff's disability discrimination claim.

Second, the undisputed material facts in this case also show that plaintiff cannot establish a prima facie case of discrimination based upon the County's failure to hire her as a police officer, or based upon her alleged disparate treatment while employed by the BCPD. First, plaintiff cannot show that she was qualified for the position of a police officer to prevail on her failure-to-hire claim. To establish a prima facie case of employment discrimination based upon failure to hire, plaintiff must establish that: "(1) she is a member of a protected class; (2) the employer had an open position for which she applied (or was prevented from applying for); (3) she was qualified for the position; and (4) she was rejected for the position under circumstances

giving rise to an inference of unlawful discrimination." *Pugh v. Bd. of Educ. Montgomery Cty., Md.*, 2017 WL 6055511, at *3 (D. Md. Dec. 6, 2017) (citation omitted).  The failure to demonstrate one of these required elements is fatal to a plaintiff's ability to establish a prima facie case.  *See Hemphill v. Aramark Corp.*, 2014 WL 1248296, at *19 (D. Md. Mar. 25, 2014).

Here, there can be no genuine dispute that plaintiff was not qualified to be hired for the position of police officer, because plaintiff acknowledges that she did not pass the physical agility test required to hold this position. Pl. Resp. at 6; *see also* Def. Ex. 32.  Given this, Court must also GRANT the County's motion for summary judgment on plaintiff's failure-to-hire claim.

Third, plaintiff's disparate treatment claim is equally problematic.  Plaintiff alleges in the amended complaint that she was discriminated against based upon unequal terms and conditions of her employment.  Am. Compl. at 5.  But, to prevail on her disparate treatment claim, plaintiff must establish that she has been "subjected to some negative employment action, or to unequal terms and conditions of employment, on the basis of race or national origin, when compared with the treatment of other employees of a different race or national origin." *Bodoy v. N. Arundel Hosp.*, 945 F. Supp. 890, 895 (D. Md. 1996), *aff'd*, 112 F.3d 508 (4th Cir. 1997).  She has not done so here.  Indeed, plaintiff has put forward no facts to show that she was treated differently than similarly situated employees who are not in her protected class with regards to the alleged adverse employment actions in this case.  *See generally* Am. Compl.; Pl. Resp.  And so, the Court also GRANTS the County's motion for summary judgment on plaintiff's disparate treatment claim.

Lastly, the undisputed material facts in this case also show that plaintiff cannot prevail on her retaliation claims.  Plaintiff alleges in the amended complaint that she was retaliated against by being:  (1) given "lower than usual performance ratings;" (2) denied a promotion; (3) voluntarily demoted; and (4) terminated, after engaging in EEO activity.  Am. Compl. at 6, 7.

To establish a prima facie case for retaliation, plaintiff must show:  (1) that she engaged in protected activity, (2) that she suffered an adverse employment action, and (3) that a causal relationship existed between the protected activity and the adverse employment action.  *Foster v. Univ. of Md.*, 787 F.3d 243, 253 (4th Cir. 2015).  If a plaintiff establishes a prima facie case of retaliation, the burden of production shifts to the County to present a legitimate,

nondiscriminatory reason for the adverse employment action alleged. *Perry v. Peters*, 341 F. App'x 856, 858 (4th Cir. 2009). The County can satisfy its burden by introducing evidence that, if true, would permit the conclusion that there was a non-retaliatory reason for the challenged adverse action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). If the County succeeds in doing so, plaintiff then must prove by a preponderance of the evidence that the legitimate reasons offered by the County were not its true reasons, but were a pretext for retaliation. *See Gibson v. Marjack Co*., 718 F. Supp. 2d 649, 653 (D. Md. 2010) (citation omitted).

A careful review of the amended complaint makes clear here that plaintiff cannot establish a prima facie case for retaliation based upon either her non-selection for the police officer position, or her voluntary demotion, because it is undisputed that these adverse employment actions occurred *before* plaintiff engaged in any EEO activity. *See generally* Am. Compl.; Pl. Resp.; Def. Ex. 28. The undisputed material facts show that plaintiff's voluntary demotion on October 20, 2014, and her non-selection for the police officer position in 2016, pre-date her charge of discrimination, which was filed on August 2, 2017. Def. Mem. at 4-5, 13; Pl. Resp; *see also* Def. Ex. 28; *Dwyer*, 867 F.2d at 191 (plaintiff must show that adverse action would not have occurred but for the protected activity) (citations omitted). While plaintiff also alleges that she filed other "official complaints of harassment and discrimination," she provides no details about these complaints to support her retaliation claims. Am. Compl. at ¶ 6; *see generally* Pl. Resp. And so, the undisputed material facts show that plaintiff cannot prevail on these retaliation claims.

Plaintiff's retaliation claim based upon her "lower than usual performance ratings" is also legally deficient. This Court has held that poor performance evaluations are generally not considered to be adverse employment actions to support a retaliation claim. *See Thorn v. Sebelius*, 766 F. Supp. 2d 585, 598 (D. Md. 2011). And so, plaintiff also cannot prevail on this retaliation claim.

The undisputed material facts in this case similarly show that plaintiff cannot establish that the County's articulated reason for her termination on January 19, 2018, was a pretext for retaliation. *See Perry*, 341 F. App'x at 858. In this regard, the County argues that it terminated plaintiff in early 2018, because her was performance was unsatisfactory. Def. Mem. at 13. The

evidence before the Court—which plaintiff does not dispute—supports the County's argument and shows that plaintiff began receiving poor performance ratings in August 2016, and that she received an oral reprimand in October 2017 for disrespectful and confrontational behavior. *See* Def. Exs. 13, 25; *see generally* Pl. Resp.

The Court also observes that, while plaintiff alleges that she was terminated for reporting harassment in the workplace, she provides no facts or evidence to substantiate this claim. *See generally* Am. Compl.; Pl. Resp. Given this, the undisputed material facts in this case show that plaintiff cannot establish that the County's stated reason for her termination was a pretext for retaliation. *See St. Mary's*, 509 U.S. at 515. And so, the Court GRANTS the County's motion for summary judgment on plaintiff's retaliation claims.

Because the County has shown that it is entitled to summary judgment in its favor with regards to all of plaintiff's claims in this case, the Court also DISMISSES the amended complaint.

## Conclusion

In light of the foregoing, and for the reasons stated during the March 29, 2022, telephonic status conference, the Court:

1. **GRANTS** the County's motion for summary judgment; and
2. **DISMISSES** the amended complaint.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge